UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Wentworth-Douglas Hospital</u>,
      Plaintiff

      v.                                                 Civil No. 10-cv-120-SM

<u>Young & Novis Professional Association,</u>
<u>d/b/a/ Piscataqua Pathology Associates;</u>
<u>Cheryl C. Moore, M.D.; and</u>
<u>Glenn H. Littell, M.D.</u>,
      Defendants

## **O R D E R**

The approved stipulation and injunction, proposed and drafted by the parties, is written in broad terms, providing that "[the data at issue] will be available for forensic evaluation by the parties in the course of litigation as appropriate." Defendants seek access to the data for forensic evaluation in the course of pending litigation.  And, yet, plaintiff will not provide it.

If the parties intended to limit access to that afforded through formal discovery processes, then counsel for the parties could have easily written the stipulation to make that clear. Terms like "as appropriate" (defendants' request is hardly "inappropriate") and "in the course of litigation" (defendants' request is hardly unrelated to the pending litigation) must be construed in an objectively reasonable manner to accomplish what

the parties no doubt intended: return of the property to plaintiff by defendants under circumstances preserving defendants' access to it, as relevant to their litigation interests.

The language of paragraph 3 of the stipulation plainly contemplates access to the data by both parties ("it will be available for forensic evaluation by the parties"). Surely plaintiff does not contend that the construction it would impose on defendants also applies to it (i.e., that plaintiff also may not have access to the data except through the invocation of discovery procedures, presumably directed at itself).

This is a controversy of no substance and little value to any client. Defendants' motion to enforce the stipulation (document no. 17) is granted. Plaintiff shall produce the data as requested. No fees.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 9, 2010

cc: William E. Christie, Esq.
    Charles W. Grau, Esq.